James H. Wilkins, #116364
WILKINS, DROLSHAGEN & CZESHINSKI LLP
7050 N. Fresno Street, Suite 204
Fresno, CA 93720
Telephone: (559) 438-2390
Facsimile: (559) 438-2393

Attorneys for Plaintiff, CITY OF FRESNO

(SPACE BELOW FOR FILING STAMP ONLY)

E-FILED
2/21/2018 2:19 PM
FRESNO COUNTY SUPERIOR COURT
By: C Prendergast, Deputy

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF FRESNO, CENTRAL DIVISION

| | |
|---|---|
| CITY OF FRESNO,<br><br>                Plaintiff,<br><br>        v.<br><br>ILLINOIS UNION INSURANCE<br>COMPANY  and Does 1 through 50,<br>inclusive.<br><br>                Defendants. | Case Number    18CECG00658<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND TORTIOUS BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND DEALING**<br><br>**[Jury Trial Demanded]**<br><br>[NO FEES REQUIRED PURSUANT TO GOVERNMENT CODE §6103] |

Plaintiff, CITY OF FRESNO hereby alleges as follows:

I

## PARTIES

1.    Defendant ILLINOIS UNION INSURANCE COMPANY (hereinafter referred to as "ILLINOIS UNION") is an insurance company who is and was conducting business in the County of Fresno, State of California, at all relevant times.

2.    The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 50, inclusive, are unknown to PLAINTIFF who therefore sues these defendants by said fictitious names pursuant to the provisions of California Code of Civil Procedure Section 474. PLAINTIFF prays leave of this Court to amend this Complaint and all subsequent pleadings to insert the true names and capacities of said fictitiously named defendants as they

WILKINS,
DROLSHAGEN &
CZESHINSKI LLP
7050 N. Fresno Street,
Suite 204
Fresno, CA 93720

Complaint for Breach of Contract

1    become known. PLAINTIFF is informed and believes and thereon alleges that each of the
2    defendants named herein by fictitious name is in some manner legally responsible for or liable for
3    the events and happenings hereinafter referred to and for all damages proximately caused as
4    hereinafter alleged.

5        3.    At all times herein mentioned, defendants, and each of them, were acting as the
6    agents, servants, employees, partners and/or joint venturers of all remaining defendants in doing the
7    things herein alleged, and were acting within the course and scope of said agency, service,
8    employment, partnership and/or joint venture.

9                                           II

10                          **FACTS COMMON TO ALL CLAIMS**

11        4.    Plaintiff, CITY OF FRESNO, is an scheduled named insured under the Premises
12    Pollution Liability Coverage policy issued by ILLINOIS UNION, Policy No. G24544837 006,
13    which was in effect at all material times hereto.   Said policy shall hereinafter be referred to as
14    ("THE POLICY").

15        5.    THE POLICY obligates ILLINOIS UNION to pay for a loss arising out of a "pollution
16    condition" which is defined as including the discharge, dispersal, release, escape, migration, or
17    seepage of any liquid irritant, contaminant or pollutant, including hazardous substances, hazardous
18    materials on, in, into, or upon land, structures or groundwater. Moreover, THE POLICY imposes
19    a duty to defend upon ILLINOIS UNION.

20        6.    During the time THE POLICY was in effect contamination claims were asserted
21    against CITY OF FRESNO. Ultimately these claims lead to the filing of two lawsuits in Fresno
22    County Superior court, *Micheli, et. al. vs. City of Fresno*, case number 16CECG023937 and
23    *Flannery, et. al. vs. City of Fresno*, case number 17CECG01724.

24        .7.    The claimants alleged, among other things, that the negligent operation by the CITY
25    OF FRESNO's surface water treatment facility, including but not limited to replacing groundwater
26    with surface water without appropriate treatment to address the changing chemistry and its impact,
27    and *"caused Fresno's water supply to become highly corrosive."* In addition, Claimants allege to
28    have suffered significant harm including, but not limited to the diminution of their property value,

WILKINS,
DROLSHAGEN &
CZESHINSKI LLP
7050 N. Fresno Street,
Suite 204

Complaint for Breach of Contract

1    other economic harm including *"the cost of re-plumbing their homes"*, and ongoing exposure to
2    other toxic substances, as well as substantial and unreasonable interference with their comfortable
3    enjoyment of life and property." As a result, the Claimants are seeking recovery for "property
4    damage", as that term is defined and used in THE POLICY, to their homes caused by the
5    corrosive/toxic water delivered from an insured facility, which has caused damages to the Claimants'
6    homes, including their water pipes. In other words, the surface water supplied to the Claimants is
7    alleged to have been inherently corrosive and includes toxic materials which has caused damages
8    to the Claimants' water pipes.

9        8.        The City of Fresno timely tendered the claims to ILLINOIS UNION under THE
10   POLICY.

11       9.        Without conducting any meaningful investigation, and on January 24, 2017 ILLINOIS
12   UNION denied the tender of the claims and refused to provide coverage or reimburse the CITY OF
13   FRESNO for the related defense expenses it had and would continue to incur. Despite the CITY OF
14   FRESNO's request for reconsideration, and on April 18, 2017, ILLINOIS UNION affirmed its
15   decision to deny the tender and refusal to provide coverage to CITY OF FRESNO for these claims.

16       10.       At all times ILLINOIS UNION refused to accept THE CITY OF FRESNO's tender
17   it knew there was insufficient evidence to justify denial of coverage and that doubt and uncertainty
18   existed concerning the nature, extent and scope of the claims and damages asserted against CITY
19   OF FRESNO by the Claimants which prevented ILLINOIS UNION from justifiably denying
20   coverage to the CITY OF FRESNO. As a result, the CITY OF FRESNO has been forced to incur the
21   expense of defending itself in response to the outstanding claims.

22       11.       ILLINOIS UNION's investigation of the facts and circumstances of the outstanding
23   claims was insufficient, incomplete and biased, and performed with the deliberate design and intent
24   to consider only those facts, or interpretation of said facts, in an attempt to justify its wrongful and
25   improper denial of coverage to The CITY OF FRESNO.

26       12.       As a result of ILLINOIS UNION's improper and wrongful refusal to provide
27   coverage to The CITY OF FRESNO, it has been required to retain attorneys to defend it in response
28   ///

1  to the outstanding claims and has incurred and paid attorneys fees and costs in an amount to be

2  proven at the time of trial, but in excess of the jurisdictional limits of this court.

3     13.    The CITY OF FRESNO has been required to retain counsel to assist it in obtaining

4  the benefits due under THE POLICY.  The amount of attorneys fees and costs incurred in pursuing

5  the benefits due shall be proven at the time of trial.

6     14.    The CITY OF FRESNO has duly and reasonably performed each and every obligation

7  owed by it under THE POLICY.

8                              III

9                      **FIRST CAUSE OF ACTION**

10                    **(Breach of Written Contract)**

11     15.    The CITY OF FRESNO  alleges and incorporates herein by reference each and every

12  allegation contained in Paragraphs 1 through 14 herein above set forth.

13     16.    The CITY OF FRESNO has duly performed each and every obligation it owes under

14  THE POLICY and/or any and all such conditions have been waived or excused by the conduct of

15  ILLINOIS UNION and ILLINOIS UNION is estopped from or prevented from raising any such

16  condition based on its conduct, the unenforceability of such conditions and/or public policy and/or

17  there has been forfeiture of its rights to raise such conditions.

18     17.    Pursuant to the terms of THE POLICY, ILLINOIS UNION was and is contractually

19  required to provide the CITY OF FRESNO with coverage, including paying for the related defense

20  expenses the CITY OF FRESNO has and is continuing to incur in response to the outstanding

21  claims.

22     18.    ILLINOIS UNION has failed and refused to provide THE POLICYHOLDERS with

23  coverage as expressly required by THE POLICY.  Accordingly, ILLINOIS UNION has breached

24  the insurance policy by failing and refusing to provide coverage to the CITY OF FRESNO.

25     19.    As a direct and proximate result of ILLINOIS UNION's breach of its contractual

26  duties the CITY OF FRESNO has suffered damages in having incurred and paid for attorney fees

27  and costs in defending the outstanding claims, in an amount to be proven at the time of trial.

28  ///

WILKINS,
DHOLSHAGEN &
CZESHINSKI LLP
7050 N. Fresno Street,
Suite 204

Complaint for Breach of Contract

# IV

## SECOND CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

20.     The CITY OF FRESNO alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 19 herein above set forth.

21.     At all times herein mentioned, ILLINOIS UNION agreed to act in good faith and deal fairly with the CITY OF FRESNO. Such agreement is consistent with the implied covenant of good faith and fair dealing.

22.     Included within the benefit of the bargain to which the CITY OF FRESNO was entitled was that ILLINOIS UNION would deal fairly with the CITY OF FRESNO and would not improperly and lawfully deny the CITY OF FRESNO the benefits to which it was entitled, including the obligation to pay for related defense expenses the CITY OF FRESNO incurred in defending the outstanding claims.

23.     Another benefit of the bargain to which the CITY OF FRESNO was entitled was that TOKIO would resolve all factual doubts of coverage in favor of the CITY OF FRESNO and would not misapply and/or misinterpret the terms of THE POLICY, the law and/or the facts in an effort to improperly support ILLINOIS UNION's wrongful decision to deny or reject the CITY OF FRESNO's tender of the outstanding claims.

24.     Another benefit of the bargain to which the CITY OF FRESNO was entitled was that ILLINOIS UNION would give at least as much consideration to the CITY OF FRESNO's interest as ILLINOIS UNION gave to its own.

25.     ILLINOIS UNION has refused and failed, and continues to refuse and fail to act in good faith and deal fairly with the CITY OF FRESNO by:

(a)     failing to promptly accept the CITY OF FRESNO's tender of the claims when ILLINOIS UNION's investigation indicated that there was sufficient doubt, certain ambiguity to invoke ILLINOIS UNION's duty to accept the tender;

(b)     denying the CITY OF FRESNO's tender of the claims without proper cause and without regard to the true, complete and accurate provisions of THE POLICY, relevant case law and the facts;

///

WILKINS,
DROLSHAGEN &
CZESHINSKI LLP
7050 N. Fresno Street,

Complaint for Breach of Contract

<pre>
                (c)    unreasonably relying on patently erroneous advise of counsel
                       in furtherance of bad faith;
                (d)    basing its coverage decision on its desire to reduce or avoid
                       its obligations owed to the CITY OF FRESNO;
                (e)    failing to promptly pay the attorney's fees and defense costs
                       the CITY OF FRESNO incurred;
                (f)    refusing to treat the CITY OF FRESNO fairly;
                (g)    forcing the CITY OF FRESNO to commence this litigation
                       and incur attorneys fees to obtain the benefits to which it is
                       entitled; and
                (h)    unreasonably refusing to accept the CITY OF FRESNO
                       tender of defense;
</pre>

26.     ILLINOIS UNION has engaged in and continues to engage in conduct described herein, and other wrongful, unfair, improper, unreasonable, fraudulent and unlawful conduct to be shown according to proof at trial, solely to further its economic interest in violation of its contractual, implied and quasi fiduciary obligations owed to the CITY OF FRESNO. In addition, ILLINOIS UNION's decision to refuse to provide coverage was made with the understanding that it would cause harm and injury to the CITY OF FRESNO but ILLINOIS UNION chose to do so because of its own self interest of saving money and avoiding its responsibility to the CITY OF FRESNO which ILLINOIS UNION knew it owed to the CITY OF FRESNO.

27.     As a direct result of ILLINOIS UNION's wrongful conduct, the CITY OF FRESNO has incurred attorneys fees and costs in defending itself in response to the outstanding claims. The total amount of these damages will be established at the time of trial.

28.     As a direct result of ILLINOIS UNION's wrongful conduct, the CITY OF FRESNO has suffered damages consisting of attorneys' fees and costs incurred in order to obtain the benefits to which the CITY OF FRESNO is and was entitled under THE POLICY, the total amount of these damages will be established at the time of trial.

29.     The conduct of ILLINOIS UNION, as herein alleged, was done with fraud, malice and oppression as defined in California Civil Code §3294, in that said conduct was intended to annoy, harass and injure the CITY OF FRESNO, and said conduct was despicable and was carried with a willful and conscious disregard of the rights of the CITY OF FRESNO, thereby subjecting the CITY OF FRESNO to cruel and unjust hardship. The CITY OF FRESNO is informed and believes, and alleges, that the acts of fraud, malice and oppression on the part of ILLINOIS UNION,

WILKINS,
DROLSHAGEN &
CZESHINSKI LLP
7050 N. Fresno Street,
Suite 204

Complaint for Breach of Contract

1  were on the part of officers, directors, managers and/or agents of said corporation and/or were

2  ratified by TOKIO. In addition, while ILLINOIS UNION's conduct toward the CITY OF FRESNO

3  was egregious, the CITY OF FRESNO is informed and believes, and thereon alleges, that such

4  conduct is in keeping with ILLINOIS UNION's actions in dealing with claims by other ILLINOIS

5  UNION policyholders who are in similar situations. Therefore, the CITY OF FRESNO is entitled

6  to recovery of exemplarily damages from ILLINOIS UNION, pursuant to California Civil Code

7  §3294, in an amount to be shown according to proof at the time of the trial to punish and deter

8  ILLINOIS UNION from engaging in continued acts such as exhibited towards THE

9  POLICYHOLDERS and other similarly situated.

10          WHEREFORE, the CITY OF FRESNO prays for judgment against ILLINOIS UNION and

11  for damages as follows:

12          1.      For special, general, economic and consequential damages according to proof;

13          2.      For punitive damages;

14          3.      For attorneys' fees;

15          4.      For prejudgment interest;

16          5.      For costs of suit herein incurred;

17          6.      For such other and further relief as the court may deem just and proper.

18  Dated: February 20, 2018

19                                  WILKINS, DROLSHAGEN & CZESHINSKI LLP

20

21                                  By _____
22                                        James H. Wilkins
                                      Attorneys for Plaintiff CITY OF FRESNO

23

24

25

26

27

28

WILKINS,
DROLSHAGEN &
CZESHINSKI LLP
7050 N. Fresno Street,

Complaint for Breach of Contract

# DEMAND FOR JURY TRIAL

PLAINTIFF CITY OF FRESNO hereby demands a trial by jury on all issues so triable.

Dated: February 20, 2018

WILKINS, DROLSHAGEN & CZESHINSKI LLP

By _____
James H. Wilkins
Attorneys for Plaintiff CITY OF FRESNO

F:\Data\City of Fresno v Illinois Union\complaint.Illinois Union.wpd

WILKINS, DROLSHAGEN & CZESHINSKI LLP 7050 N. Fresno Street, Suite 204 Fresno, CA 93720

Complaint for Breach of Contract

*3/30/18 @3pm*

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** ILLINOIS UNION INSURANCE COMPANY and
*(AVISO AL DEMANDADO):* Does 1 through 50, inclusive

| FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|
| **E-FILED** |
| **2/27/2018** |
| **FRESNO COUNTY SUPERIOR COURT** |
| By: C Prendergast, Deputy |

**YOU ARE BEING SUED BY PLAINTIFF:** CITY OF FRESNO
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, County of Fresno 1130 O Street Fresno, California 93721-2220 | CASE NUMBER: *(Número del Caso):* **18CECG00658** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: James H. Wilkins
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Wilkins, Drolshagen & Czeshinski LLP
6785 N. Willow Avenue, Fresno, CA 93710 (559) 438-2390

| DATE: *(Fecha)* 2/27/2018 | Clerk, by *(Secretario)* C Prendergast | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | 1. ☐ as an individual defendant. |
|---|---|
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☒ on behalf of *(specify):* Illinois Union Insurance Company |
| | under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person) |
| | ☐ other *(specify):* |
| | 4. ☐ by personal delivery on *(date):* |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

<table>
<tr><td>

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
**CIVIL DEPARTMENT, CENTRAL DIVISION**
1130 O Street
Fresno, Ca 93721
559-457-1900

</td><td>

*FOR COURT USE ONLY*

Filed
02/27/2018
Fresno County
By System

</td></tr>
</table>

**TITLE OF CASE:**

City of Fresno vs Illinois Union Insurance Company

| Notice of Case Management Conference | **CASE NUMBER:**<br>18CECG00658 |
|---|---|

**To All Parties and their Attorneys of Record:**

> This case has been assigned to Judge **Donald S Black** for all purposes.
> All future hearings will be scheduled before this assigned judge

You are required to appear at a Case Management Conference on **06/18/2018 at 1:30pm in Conference Room 305 on the 3rd floor located at 1130 O Street, Fresno, CA 93721**

You must comply with the requirements set forth in Fresno Superior Court Local Rules Chapter 2.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:** Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. You could lose the case if you do not file your response on time. If you do not know an attorney, and do not have one, you may call an attorney referral service or a legal aide office (*listed in the phone book*).

> IMPORTANT: This hearing is not a trial. It is for the court to inquire as to the status of the case and to determine what future hearings, including a trial date, need to be set.

**DECLARATION**

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management Conference and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date: **02/27/2018**

Clerk, by _C Prendergast_ , Deputy
C Prendergast

# Alternative Dispute Resolution
# Information Packet

## Overview & History

Alternative Dispute Resolution (ADR) is an increasingly popular option that allows people to resolve disputes outside of court in a cooperative manner. ADR can be faster, cheaper, and less stressful than going to court. Most importantly, the use of ADR can provide greater satisfaction with the way disputes are resolved.

ADR has been gradually evolving within the Fresno Superior Court for the past several years. In 1999 the Court recognized a need for greater public access to dispute resolution for cases and established an ADR Department. This department assists parties by providing information regarding ADR processes and services.

*Additionally, in 2006 a Case Management Conference (CMC) order was implemented requiring parties in general civil cases to participation in ADR prior to trial. This order and supporting ADR forms can be found on the court's website, www.fresnosuperiorcourt.org under the "forms," section. Also, participation in ADR does not eliminate the need for proper and timely filing of case documents, such as an Answer to Complaint.*

## Disputes

ADR techniques have been used successfully in a variety of disputes involving individuals, small and large businesses, government, and the general public. Various types of ADR processes are available depending on the nature of the dispute. Many types of conflict often lend themselves to an alternative and informal method of dispute resolution. Some examples of disputes often settled by ADR include **but are not limited to:**

- Business disputes- contracts, partnerships
- Property / Land use disputes- property transfers, boundaries, easements
- Family disputes – divorce, property, custody, visitation, support issues
- Consumer / Collection disputes- repairs, services, warranties, debts
- Employment disputes- employment contracts, terminations
- Landlord/tenant disputes- evictions, rent, repairs, security deposits
- Neighborhood disputes / Relational disputes or other civil or personal conflicts
- Personal Injury / Insurance disputes- accidents, coverage, liability

## Processes:

The most common forms of ADR are Mediation, Arbitration, and Case Evaluation. In most ADR processes, a trained, impartial person decides or helps the parties reach resolution of their dispute together. The persons are neutrals who are normally chosen by the disputing parties or by the court. Neutrals can often help parties resolve disputes without having to go to court or trial. Below is a description of commonly used processes:

## Mediation

In mediation, the mediator (a neutral) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator **does not** decide how the dispute is to be resolved. The parties do. It is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other. Mediation often leads to better communication between the parties and lasting resolutions. It is particularly effective when parties have a continuing relationship, such as neighbors or businesses. It also is very effective where personal feelings are getting in the way of a resolution. Mediation normally gives the parties a chance to express their concerns in a voluntary, confidential process while working towards a resolution. **The mediation process is commonly used for most civil case types and can provide the greatest level of flexibility for parties.**

## Arbitration

In arbitration, the arbitrator (a neutral) reviews evidence, hears arguments, and **makes a decision (award) to resolve the dispute.** This is very different from mediation whereby the mediator helps the parties reach their own resolution. Arbitration normally is more informal, quicker, and less expensive than a lawsuit. In a matter of hours, an arbitrator often can hear a case that otherwise may take a week in court to try. This is because the evidence can be submitted by documents rather than by testimony.

1. **Binding arbitration:** Usually conducted by a private arbitrator, this process takes place outside of the court. "Binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.

2. **Non-binding arbitration:** May be ordered through the court (Judicial Arbitration) or conducted privately. In this process, the arbitrator's decision is "not binding." This means that if a party is not satisfied with the decision of the arbitrator, they can file a request for trial with the court within a specified time. However, depending on the process if that party does not receive a more favorable result at trial, they may have to pay a penalty.

## Case Evaluation

In case evaluation, the evaluator (a neutral) gives an opinion on the strengths and weaknesses of each party's evidence and arguments. Each party gets a chance to present their case and hear the other side. This may lead to a settlement, or at the least, help the parties prepare to resolve the dispute later. Case evaluation, like mediation, can come early in the dispute and save time and money. The case evaluation process is most effective when parties have an unrealistic view of the dispute, need outside assistance in determining case value, and have technical or scientific questions to be worked out. This process is sometimes used in combination with mediation or arbitration.

## ADR Agreements:

Agreements reached through ADR normally are put into writing and can become binding contracts that can be enforced by the court if the parties. Parties may choose to seek the advice of an attorney as to your legal rights and other matters relating to the dispute before finalizing any agreement.

## ADR Process Selection & Information:

There are several other types of ADR. Some of these include conciliation, settlement conference, fact finding, mini-trial, Victim Offender conferencing, and summary jury trial. Sometimes parties will try a combination of ADR types. The important thing is to find the type of ADR that is most likely to resolve the dispute. Contact the ADR department staff for assistance for additional information and referral to services appropriate for each specific case.

## Advantages & Disadvantages of ADR:

### Advantages

- **Often quicker than going to trial**, a dispute may be resolved in a matter or days or weeks instead ·of months or years.
- **Often less expensive**, saving the litigants court costs, attorney's fees and expert fees.
- **Permits more participation and empowerment**, allowing the parties the opportunity to tell their side of the story and have more control over the outcome.
- **Allows for flexibility** in choice of ADR processes and resolution of the dispute.
- **Fosters cooperation** by allowing the parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- **Often less stressful** than litigation. Most people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral before the lawsuit becomes costly. ADR has been used to resolve disputes even after trial, when the result is appealed.

### Disadvantages of ADR

- ADR may not be suitable for every dispute.
- If the ADR process is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services. If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs, such as attorney's fees and expert fees.
- Lawsuits must be brought within specified periods of time, known as Statutes of Limitations. Parties must be careful not to let a Statute of Limitation run while a dispute is in an ADR process

## Neutral Selection:

The selection of a neutral is an important decision. Please note that currently there is no legal requirement that the neutral be licensed or hold any particular certificate. However, the Court and many private programs have established qualification requirements and standards of conduct for their neutral panels.

*A list of trained neutrals is available to assist parties on a fee-for-service basis. These individuals have met the requirements to participate on the Court's panel and provide private dispute resolution services. *Panelists are not Court employees; therefore service, style and expertise will vary by individual provider.*

Cases involving self-represented litigants or those unable to afford a private mediator, the court has three organizations that provide **free or low cost** mediation services through Dispute Resolution Program Act (DRPA) funding. These organizations include:

- **Better Business Bureau Mediation Center**- This organization provides mediation for small claims, landlord / tenant, business, consumer/ merchant, harassment, and neighborhood disputes. For more information about their services go to www.valleymediation.net .

  4201 W. Shaw Ave., Ste. 107
  Fresno, CA 93722 ·
  559.256.6300 (phone)
  800.675.8118, ext. 300 (toll free)
  www.bbbcencal.org

- **Fresno Pacific Mediation Services**- This organization is affiliated with Fresno Pacific University, Mediation Associates and Victim Offender Reconciliation Program (VORP). They offer mediation for cases involving contract, property, corporate partnerships, family, employment, organization, and victim/offender disputes. For more information go to www.peace.fresno.edu/mediate/.

  1717 S. Chestnut Avenue
  Fresno, CA. 93702
  (559) 453-3423
  mediation.services@fresno.edu

- **San Joaquin College of Law Mediation Center**- This organization provides free mediation to self-represented parties regarding family law **property** disputes. They also assist with the preparation of marital settlement agreements for divorcing parties. For more information go to **www.sjcl.edu** and click on mediation.

  905 5ʰ Street
  Clovis, CA. 93612
  (559) 323-2100

For more information, go to www.fresnosuperiorcourt.org/alternative_dispute_resolution or contact :

Mari Henson, Administrator
1130 "O" Street, Fresno CA 93724-0002
TEL (559) 457-1908, FAX (559) 457-1691
mhenson@fresno.courts.ca.gov

John Montejano, Asst. Administrator
1130 "O" Street, Fresno, CA 93724-0002
TEL (559) 457-1909, FAX (559) 457-1691
jmontejano@fresno.courts.ca.gov

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| **TELEPHONE NO:**                    **FAX NO:**<br>**ATTORNEY FOR** *(Name):* | |
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>**1130 "O" Street**<br>**Fresno, California 93724-0002**<br>**(559) 457-1909** | . |
| **PLAINTIFF/PETITIONER:**<br><br>**DEFENDANT/RESPONDENT:** | |
| **STIPULATION REGARDING ALTERNATIVE  DISPUTE RESOLUTION (ADR)** | **CASE NUMBER:** |

The parties stipulate that they will engage in the following Alternative Dispute Resolution (ADR) process:

☐ Mediation      ☐ Arbitration      ☐ Neutral Case Evaluation      ☐ Other _____

The parties further stipulate that _____ has been selected as the mediator/arbitrator/neutral.

Address: _____

City, State, Zip _____

Phone Number:    (    ) _____

The parties acknowledge that they shall engage in some form of Alternative Dispute Resolution (ADR).  The Alternative Dispute Resolution (ADR) must be completed within **180 days** after the Case Management Conference or prior to the Mandatory Settlement Conference, whichever is earlier, unless given prior approval by the court to continue the date.

Parties will be required to file an **Alternative Dispute Resolution (ADR) Status Report at least 10 court days prior to** the Mandatory Settlement Conference.  Failure to do so may result in sanctions at an Order to Show Cause (OSC) hearing set by the court.

| Date | Type or Print Name | Signature of Party or Attorney for Party |
|---|---|---|
| | | |
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| | | |
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| | | |
| Date | Type or Print Name | Signature of Party or Attorney for Party |

☐   Additional signatures on Stipulation Regarding Alternative Dispute Resolution (ADR) Attachment

**TADR-01  R01-09**          **STIPULATION REGARDING ALTERNATIVE  DISPUTE RESOLUTION (ADR)**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:            FAX NO:<br>ATTORNEY FOR *(Name):* | |

| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>1130 "O" Street<br>Fresno, California 93724-0002<br>(559) 457-1909 | |
|---|---|
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| ALTERNATIVE  DISPUTE RESOLUTION STATUS REPORT (ADR) | CASE NUMBER: |
|---|---|

Type of Civil Case:
☐ Personal Injury – Property Damage/Auto   ☐ Personal Injury – Property Damage   ☐ Contract   ☐ Other _____

Date Complaint Filed: _____

Amount in controversy:
☐ $0 to $25,000    ☐ $25,000 to $50,000    ☐ $50,000 to $100,000    ☐ Over $100,000.00 (specify) _____

Date of Alternative Dispute Resolution (ADR) Conference: _____

Name, address, and telephone number of person who conducted the Alternative Dispute Resolution (ADR) Conference:

_____

_____

Case resolved by Alternative Dispute Resolution:

☐ Yes   (proper filing of a Notice of Settlement or Dismissal form is required by clerk's office)

☐ No    Reason: _____

Alternative Dispute Resolution process concluded:

☐ Yes

☐ No    Reason for delay: _____
          Next scheduled hearing date: _____

Type of resolution process used:
☐ Mediation    ☐ Arbitration    ☐ Neutral Case Evaluation    ☐ Other (specify): _____

Case was resolved by:
☐ Direct Result of ADR Process    ☐ Indirect Result of ADR Process    ☐ Resolution was unrelated to ADR Process

If case went through ADR and resolved, estimate the closest dollar amount that was saved in attorney fees and/or expert witness fees by participating in the process.
☐ $0    ☐ $250    ☐ $500    ☐ $750    ☐ $1,000    ☐ More than $1,000 (specify) _____

If case went through ADR and did not resolve, estimate the closest dollar amount of additional costs incurred due to participation in the ADR process.
☐ $0    ☐ $250    ☐ $500    ☐ $750    ☐ $1,000    ☐ More than $1,000 (specify) _____

Case Number:

Check the closest estimated number of court days you saved in motions, hearings, conferences, trials, etc. as a direct result of this case being referred to this dispute resolution process:

☐ 0 Days  ☐ 1 Day  ☐ More than 1 day (specify) _____

If the dispute resolution process caused an increase in court time for this case, please check the estimated number of additional court days:

☐ 0 Days  ☐ 1 Day  ☐ More than 1 day (specify) _____

I would be willing to use the dispute resolution process again:

☐ Yes  ☐ No

Please provide any additional comments below regarding your experience with the ADR process:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____