BRUCE D. CELEBREZZE, State Bar No. 102181
bruce.celebrezze@clydeco.us
ANDREW G. WANGER, State Bar No. 166449
andrew.wanger@clydeco.us
MICHAEL A. TOPP, State Bar No. 148445
michael.topp@clydeco.us
CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800
Facsimile: (415) 365-9801

Attorneys for Defendant
ILLINOIS UNION INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| CITY OF FRESNO,<br><br>        Plaintiff,<br><br>    v.<br><br>ILLINOIS UNION INSURANCE COMPANY and Does 1 through 50, inclusive,<br><br>        Defendants. | Case No. 1:18-cv-00573-LJO-SKO<br><br>DEFENDANT ILLINOIS UNION INSURANCE COMPANY'S ANSWER TO COMPLAINT |

Defendant Illinois Union Insurance Company ("Illinois Union") answers the complaint of plaintiff City of Fresno, on file herein, as follows:

1.     Illinois Union admits the allegations contained in paragraph 1 of the complaint.

2.     Illinois Union lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2 of the complaint.

3.     Illinois Union denies each and every allegation contained in paragraph 3 of the complaint.

4.     In response to paragraph 4 of the complaint, Illinois Union admits that it issued policy no. PPL G24544837 006 ("the Policy"), subject to all of its terms, conditions, limitations, exclusions, definitions, and endorsements, and that plaintiff is identified as a scheduled named insured therein. To the extent any allegation contained in paragraph 4 of the complaint is to the

contrary, Illinois Union denies each and every such allegation.

5. In response to paragraph 5 of the complaint, Illinois Union states that the Policy is subject to all of its terms, conditions, limitations, exclusions, definitions, and endorsements. To the extent any allegation contained in paragraph 5 of the complaint is contrary to the terms, conditions, limitations, exclusions, definitions, and endorsements of the Policy, or contends or suggests that Illinois Union had obligations or duties to provide a defense or coverage to plaintiff in the matters at issue in this case, Illinois Union denies each and every such allegation.

6. In response to paragraph 6 of the complaint, Illinois Union admits that two lawsuits – *Micheli v. City of Fresno*, Fresno County Superior Court, Case No. 16CECG02937, and *Flannery v. City of Fresno*, Fresno County Superior Court, Case No. 17CECG01724 – were filed on the dates reflected in the court docket, and that certain claims were presented to plaintiff on the dates reflected in plaintiff's records. To the extent any allegation contained in paragraph 6 of the complaint is to the contrary, or to the extent the characterization of such claims is incorrect, Illinois Union denies each and every such allegation.

7. In response to the first, second, and fourth sentences in paragraph 7 of the complaint, Illinois Union states that the allegations made by the claimants are as set forth in the underlying complaints. To the extent any allegation in the first, second, and fourth sentences of paragraph 7 of the complaint is to the contrary, or to the extent the characterization of such claims is incorrect, Illinois Union denies each and every such allegation. Illinois Union denies each and every allegation contained in the third sentence of paragraph 7 of the complaint.

8. In response to paragraph 8 of the complaint, Illinois Union admits that plaintiff tendered claims to Illinois Union. Illinois Union lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 8 of the complaint.

9. In response to paragraph 9 of the complaint, Illinois Union admits that it took certain positions about plaintiff's requests for coverage as set forth in correspondence on various dates. Illinois Union denies the allegation that it did not conduct a meaningful investigation. To the extent any allegation contained in paragraph 9 of the complaint alleges any erroneous decision

or wrongdoing on its part, Illinois Union denies each and every such allegation.

10. Illinois Union denies each and every allegation contained in paragraph 10 of the complaint.

11. Illinois Union denies each and every allegation contained in paragraph 11 of the complaint.

12. Illinois Union denies each and every allegation contained in paragraph 12 of the complaint.

13. Illinois Union denies each and every allegation contained in paragraph 13 of the complaint.

14. Illinois Union lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14 of the complaint.

15. Paragraph 15 of the complaint requires no response. Illinois Union restates and incorporates its paragraphs 1 – 14 herein.

16. In response to paragraph 16 of the complaint, Illinois Union lacks knowledge or information sufficient to form a belief about the truth of the allegation that plaintiff has performed each and every obligation it owes under the Policy. Illinois Union denies each and every remaining allegation contained in paragraph 16 of the complaint.

17. Illinois Union denies each and every allegation contained in paragraph 17 of the complaint.

18. Illinois Union denies each and every allegation contained in paragraph 18 of the complaint.

19. Illinois Union denies each and every allegation contained in paragraph 19 of the complaint.

20. Paragraph 20 of the complaint requires no response. Illinois Union restates and incorporates its paragraphs 1 – 19 herein.

21. Illinois Union admits the allegations contained in paragraph 21 of the complaint. In further response to paragraph 21 of the complaint, Illinois Union states that plaintiff made those same agreements with Illinois Union, and that plaintiff has an obligation to act in good faith and

deal fairly with Illinois Union.

22. In response to the allegations contained in paragraph 22 of the complaint, Illinois Union denies that it owed plaintiff any benefits under the Policy nor that it was obligated to pay any defense expense under the Policy. To the extent any allegation contained in paragraph 22 of the complaint misstates the law or any party's obligations under the Policy, Illinois Union denies each and every such allegation. Illinois Union denies each and every remaining allegation in paragraph 22 of the complaint not directly addressed above, including any allegation of any erroneous decision or wrongdoing on its part.

23. In response to the allegations contained in paragraph 23 of the complaint, Illinois Union states that, to the extent any allegation contained in paragraph 23 of the complaint misstates the law or any party's obligations under the Policy, Illinois Union denies each and every such allegation. Illinois Union also denies each and every allegation contained in paragraph 23 of the complaint to the extent it refers to "TOKIO" as no such person or entity is affiliated with Illinois Union. Illinois Union denies each and every remaining allegation in paragraph 23 of the complaint not directly addressed above, including any allegation of any erroneous decision or wrongdoing on its part.

24. In response to the allegations contained in paragraph 24 of the complaint, Illinois Union states that, to the extent any allegation contained in paragraph 24 of the complaint misstates the law or any party's obligations under the Policy, Illinois Union denies each and every such allegation. Illinois Union denies each and every remaining allegation in paragraph 24 of the complaint not directly addressed above, including any allegation of any erroneous decision or wrongdoing on its part.

25. Illinois Union denies each and every allegation contained in paragraph 25 of the complaint.

26. Illinois Union denies each and every allegation contained in paragraph 26 of the complaint.

27. Illinois Union denies each and every allegation contained in paragraph 27 of the complaint.

28. Illinois Union denies each and every allegation contained in paragraph 28 of the complaint.

29. Illinois Union denies each and every allegation contained in paragraph 29 of the complaint. Without waiving the significance of the denial as aforestated, Illinois Union specifically denies each and every allegation contained in paragraph 29 of the complaint to the extent it refers to "TOKIO" as no such person or entity is affiliated with Illinois Union.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Illinois Union alleges that the complaint fails to state a claim against it upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to attach or allege the terms of the Policy issued by Illinois Union.

### THIRD AFFIRMATIVE DEFENSE

Illinois Union alleges that the causes of action attempted to be stated against it and set forth in the complaint are barred by the terms, conditions, limitations, exclusions, definitions, and/or endorsements contained in the Policy at issue in this litigation.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy all conditions precedent to its rights, if any, to benefits under the Policy at issue in this litigation.

### FIFTH AFFIRMATIVE DEFENSE

In Section IX., GENERAL CONDITIONS, the Policy issued by Illinois Union contains paragraph H. Other Insurance, which provides: "If other valid and collectible insurance is available to any 'insured' covering 'loss' also covered by this Policy, other than a policy that is specifically written to apply in excess of this Policy, the insurance afforded by this Policy shall apply in excess to and shall not contribute with such other insurance."

### SIXTH AFFIRMATIVE DEFENSE

To the extent that plaintiff has failed to mitigate, minimize, or avoid any damages it allegedly sustained, any recovery against Illinois Union must be reduced accordingly.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has not suffered any damages as a result of any actions taken by Illinois Union, and plaintiff is thus barred from asserting the complaint, or any purported claim, against Illinois Union.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, in whole or in part, are barred by the equitable doctrines of laches, waiver, and estoppel.

**NINTH AFFIRMATIVE DEFENSE**

Illinois Union has at all times exercised due care concerning any actions, conduct, or other matters alleged in the complaint, or any purported cause of action asserted therein.

**TENTH AFFIRMATIVE DEFENSE**

Illinois Union and its representatives acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, plaintiff is barred from any recovery in this action.

**ELEVENTH AFFIRMATIVE DEFENSE**

Illinois Union's coverage interpretations and claims handling were and are reasonable as a matter of law and were not and are not inherently unreasonable as a matter of law.

**TWELFTH AFFIRMATIVE DEFENSE**

Illinois Union alleges that plaintiff's injuries and damages, if any, were caused by the negligence and fault of others than Illinois Union, and that such fault on the part of others proximately and concurrently caused or contributed to the loss and damages complained of by plaintiff, if any there were.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Illinois Union alleges that the complaint and each cause of action therein fail to state sufficient facts to constitute a valid claim for attorneys' fees.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Illinois Union alleges that the complaint fails to state facts sufficient to warrant an award of punitive or exemplary damages, and plaintiff has failed to plead malice, fraud, and oppression

with the specificity required under California Civil Code § 3294.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The complaint, to the extent it seeks punitive or exemplary damages against Illinois Union, violates Illinois Union's right to protection from "excessive" fines as provided in the Eighth Amendment to the United States Constitution and the Constitution of the State of California, violates Illinois Union's right to substantive due process and equal protection as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of California, and does not meet the tests for allowing punitive damages set forth by the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and other cases, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Illinois Union alleges that plaintiff has failed to set out its claims with sufficient particularity to permit Illinois Union to raise all appropriate defenses and, thus, Illinois Union reserves its rights to add additional defenses as a factual basis for these claims becomes known.

**PRAYER**

WHEREFORE, defendant Illinois Union Insurance Company prays for judgment as follows:

A. That plaintiff take nothing by reason of the complaint and that judgment be entered against plaintiff and in favor of Illinois Union;

B. That Illinois Union be awarded costs of suit herein; and

C. For such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: May 2, 2018 | CLYDE & CO US LLP |

By:     /s/ Bruce Celebrezze
        Bruce D. Celebrezze
        Andrew G. Wanger
        Michael A. Topp
        Attorneys for Defendant
        ILLINOIS UNION INSURANCE COMPANY

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 101 Second Street, 24th Floor, San Francisco, CA 94105.

On May 2, 2018, I served true copies of the following document(s) described as **DEFENDANT ILLINOIS UNION INSURANCE COMPANY'S ANSWER TO COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| James H. Wilkins<br>WILKINS DROLSHAGEN &<br>CZESHINSKI LLP<br>6785 N. Willow Avenue<br>Fresno, CA 93710<br>Tel: (559) 438-2390<br>Email: j.wilkins@wdcllp.com | Counsel for Plaintiff |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 2, 2018, at San Francisco, California.

*/s/ Barbara Chaney*
Barbara Chaney

Case No. 1:18-cv-00573-LJO-SKO

PROOF OF SERVICE